POOLE, Circuit Judge,
concurring specially.
I concur in Judge Skopil’s conclusion but only under the compulsion of this court’s en banc determination that an order of the Board quashing notice of hearing under section 10(k) proceeding is reviewable. Foley-Wismer & Becker v. NLRB, 682 F.2d 770 (9th Cir.1982) (en banc).
I thought that decision en banc to be wrong and I still believe it to be wrong. To the extent it rests upon Waterway Terminals Co. v. NLRB, 467 F.2d 1011 (9th Cir. 1972), it is on infirm ground, for the logic of that prior decision is no more compelling today than it was 10 years ago. It was certainly inconsistent, when decided, with NLRB v. Plasterers Union, 404 U.S. 116, 92 S.Ct. 360, 30 L.Ed.2d 312 (1971), and with our own still earlier holding in Henderson v. International Longshoremen’s and Warehousemen’s Union Local 50, 457 F.2d 572, 577 (9th Cir.1972). Today’s adherence to an illogical precedent erodes the statutory-administrative scheme and promises to increase contest in an area which should be left to the Board’s expert determination. I venture the speculation that this decision may not outlast time.